United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Levar Curtis Johnson, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 22-22925-Civ-Scola |
| Bank of New York Mellon and ) | |
| Miami-Dade County Sheriff, ) | |
| Defendants. ) | |

**Order Striking Complaint**

    This matter is before the Court upon an independent review of the record. Levar Curtis Johnson is suing Defendants Bank of New York Mellon and Miami-Dade County Sheriff to quiet title to property he says he owns in Miami, Florida, and for claims of slander of title, fraudulent conversion, fraud, fraud in the inducement, and insurance fraud. (Compl., ECF No. 1.) Because Johnson's complaint amounts to a shotgun pleading and because the Court is unable to discern whether it has jurisdiction over this case, the Court **strikes** Johnson's complaint (**ECF No. 1**), with leave to amend, but **grants** his motion to proceed *in forma pauperis* (**ECF No. 3**).

    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

    "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

    Johnson's single-spaced and narrow-margined, seventeen-page complaint contains a dense recitation of Johnson's understanding of the history and development of banking, contract, and property laws and currency, lending, and credit systems in the United States. At bottom, though, his complaint focuses on

what he says is the Bank's wrongful foreclosure of real property that he inherited. As a result he seeks $5,000 for his fees and costs, $7,000 in punitive and compensatory damages, plus declaratory and injunctive relief related to title and possession of his home. Ultimately, there is very little structure to the complaint, making it impossible to follow, and very few facts relevant to the foreclosure case are presented. Further, to the extent Johnson does supply facts, he fails to specify which facts or allegations support which causes of action. Further, the vast majority of the allegations Johnson sets forth are conclusory, vague, and seemingly immaterial—"not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

In order to remedy these deficiencies, the Court orders Johnson to file an amened complaint. In doing so, Johnson must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) limit his factual background sections to only those factual allegations that are common to or supportive of all his claims; (4) avoid lumping together multiple causes of action into a single count; (5) avoid conclusory or vague allegations; and (6) identify which factual allegations and acts pertain to which count.

Further, the Court is not convinced it has jurisdiction over this complaint. Although Johnson recites several federal questions, that could support jurisdiction, the Court is unable to satisfy itself that any of those claims is properly pleaded or viable against these Defendants. Instead, it appears Johnson's grievances against the Defendants all likely arise under state law. And, to the extent Johnson seeks to avail himself of the Court's diversity jurisdiction, he has neither alleged the parties' citizenships nor established that the jurisdictional threshold amount has been met.

Accordingly, the Court **strikes** Johnson's complaint (**ECF No. 1**) and instructs him to **replead** his case through an amended complaint, if he can, *in good faith*, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them, as well as facts establishing a basis for the Court's subject-matter jurisdiction. Johnson is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant. Further, in compliance with Federal Rule of Civil Procedure 10(b), Johnson must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and to separate different causes of action into separate, numbered counts. Fed. R. Civ. P. 10(b).

Johnson must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **October 19, 2022**. Johnson is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend. Because the Court strikes Johnson's pleading, the Bank's motion to dismiss is **denied as moot** (**ECF No. 7**). In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any other

pending motions are denied as moot.

**Done and ordered**, in chambers at Miami, Florida, on September 29, 2022.

_____
Robert N. Scola, Jr.
United States District Judge